**Petition of HAUSSLER.**

Misc. No. 1398.

United States District Court
E. D. New York.

March 2, 1950.

Lesser Brothers, New York City, for petitioner (Rudolph J. Safarik, New York City, of counsel).

J. Howard McGrath, Attorney General of United States (M. Jay Meckler, Assistant United States Attorney, New York City, of counsel, in opposition).

KENNEDY, District Judge.

This is an application to perpetuate testimony. Federal Rules Civil Procedure, rule 27(a), 28 U.S.C.A. The relevant rule permits this to be done when petitioner has a claim, but is "unable" to begin suit. In such a case necessary testimony may be perpetuated by a proceeding brought "in the district of the residence of any expected adverse party".

The suit which petitioner proposes to institute is against the Attorney General as successor to the Alien Property Custodian. The property in dispute is petitioner's claimed interest (ownership) of a certain savings bank account and of 14 certificates of stock. The federal statutory basis for the suit is the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9, and since her claim is for an "interest", venue of the action could be laid in this district, where petitioner resides. The testimony sought to be perpetuated is that of the petitioner and one Grant, and although it is not claimed that either of these witnesses will be unavailable, petitioner says (1) that she cannot begin her action until she has surrendered the stock certificates, and (2) that after the surrender of these certificates she will be unable to question witnesses concerning endorsements, since the certificates will no longer be in her possession.

The United States Attorney opposes the motion on the ground that the depositions can properly be taken only in Washington, D. C., the official residence of the Attorney General, since he is the only possible adverse party. This objection is perfectly sound, but the matter need not rest there.

Petitioner assumes that after she has turned the certificates over to the Attorney General he will keep them away from her, and thus frustrate her purpose to prove that the endorsements on the certificates are genuine. It is clear to me that petitioner's fears on this point are wholly unfounded; the government's brief clearly implies that the certificates will be available, and any other course on the part of responsible officials is unthinkable. Moreover, petitioner admittedly has photostatic copies of the certificates and manifestly can use these for any purpose she pleases, including the taking of depositions.

The application is denied.